IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                            No.  08-40056-01-SAC

DONNIE RAY VENTRIS,

          Defendant.

MEMORANDUM AND ORDER

The single-count indictment in this case charging felony possession of a firearm was filed on June 11, 2008.  There has been no initial appearance of the defendant, but the government has lodged a detainer against the defendant who is presently incarcerated in Norton Correctional Facility in Norton, Kansas.  The *pro se* defendant has filed a motion to dismiss (Dk. 2) in which he challenges that the government lacks the evidence to prove this charge.  In response, the government observes the defendant's filing is procedurally premature, as the defendant remains in state custody on matters now pending before the United States Supreme Court and has yet to appear in federal court for an initial appearance on the indictment.  The government remarks the federal prosecution will remain inactive until the defendant is transferred to federal custody.  The

government further contends the defendant's motion is substantively without merit, for the reversal of his state convictions will not impact its proof that the defendant possessed the weapon retrieved shortly after the defendant's state crimes. In reply, the defendant denies his motion is premature in light of the detainer and argues alternatively the federal court should dismiss the pending indictment for lack of jurisdiction.

The court agrees that the defendant's motion must be denied as premature. Until the defendant comes into federal custody and is brought before this court for an initial appearance, the prosecution is inactive. *See United States v. Johnson*, 1995 WL 729320 (N.D. Ind. Nov. 16, 1995). Were the merits of the defendant's motion to be considered, the court would deny the motion summarily as it makes no challenge to facial sufficiency of the allegations but rather attacks the sufficiency of the evidence to be offered in proof of those allegations. On a motion to dismiss, the court tests the indictment "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quotations and citations omitted). Courts are to "avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *Id.*

IT IS THEREFORE ORDERED that the *pro se* defendant's motion to dismiss (Dk. 2) is denied as premature and without merit.

Dated this 9th day of September, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge